

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,663-01

### EX PARTE BERNADETTE PERUSQUIA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2009CRN000882-D1 IN THE 49TH DISTRICT COURT FROM WEBB COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The Fourth Court of Appeals affirmed her conviction. *Perusquia v. State*, No. 04-12-00126-CR (Tex. App. — San Antonio, June 12, 2013) (not designated for publication).

Applicant contends, among other things,[1] that her trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims, and finds them to be without merit.

for several reasons. Although Applicant's trial counsel has submitted an affidavit responding to some of Applicant's allegations, the affidavit is not sufficient to address all of Applicant's claims.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel.

Specifically, trial counsel shall respond to Applicant's allegations that he was ineffective for failing to object on the basis of hearsay and denial of confrontation when the State indicated during opening statements and later introduced testimony that the victim told responding police officers and emergency medical staff that Applicant shot him because he was trying to leave. Trial counsel shall also respond to Applicant's allegation that he should have established that Applicant was aware of specific acts of violence by the victim against his former wife, Anna Perusquia, and that this awareness materially affected Applicant's apprehension of danger when she shot the victim. In his previous affidavit, trial counsel stated that he chose not to present further testimony regarding specific acts of violence committed by the victim against his former wife because her testimony would have established a motive for Applicant to kill her husband. The record, however, indicates that trial counsel did argue at some length for the admissibility of the specific acts of violence by the victim against his former wife. Counsel shall explain how such evidence would have provided a motive for Applicant to kill the victim.

Applicant alleges that she provided the names of potential character witnesses to trial counsel, but that trial counsel did not contact those witnesses or call them at the punishment phase

to rebut the State's witnesses' accounts of Applicant's bad character. Trial counsel shall state whether he interviewed or considered calling Herminia Rios, Rosalinda Contreras and Celina Riojas Rodriguez to testify at the punishment phase. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 4, 2015
Do not publish